# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

EDWARD L. BASS,                                )
                                              )
                    Petitioner,               )
                                              )
v.                                            )       Nos.    1:07-CR-141-TRM-SKL-1
                                              )               1:16-CV-424-TRM
UNITED STATES OF AMERICA,                     )
                                              )
                    Respondent.               )

## MEMORANDUM OPINION

Before the Court are Petitioner's notice of voluntary dismissal under Federal Rule of

Civil Procedure 41(a)(1)(A)(i) [Doc. 60], and the United States' motion to deny and dismiss that

same action with prejudice in light of *Beckles v. United States*, 137 S. Ct. 886 (2017) [Doc. 58].

Petitioner filed the underlying motion to vacate, set aside, or correct his sentence under

28 U.S.C. § 2255 on October 19, 2016 [Doc. 54].[1]  In it, he challenges his enhancement under

Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*,

135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is

no longer valid because the Guidelines residual provision is equally vague)]. [2]  On October 19,

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee
(FDSET) for the limited purpose of reviewing the case to determine whether or not Petitioner is
eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See* E.D.
Tenn. SO-16-02 (Feb. 11, 2016).  Consistent with that appointment, FDSET filed the instant
petition challenging Petitioner's career offender designation [Doc. 54], and a supplement to the
same [Doc. 57].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm
after having sustained three prior convictions "for a violent felony or a serious drug offense, or
both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The statute
defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one
year" that (1) "has as an element the use, attempted use, or threatened use of physical force

2016, this Court *sua sponte* stayed resolution of the action pending the Supreme Court's decision in *Beckles*, which was set to resolve the following issues: whether the guidelines were subject to void for vagueness attack and, if so, whether that "new rule" applied retroactively on collateral review [Doc. 55 (staying the case and ordering that the parties "file a joint status report within thirty . . . days of [the *Beckles* holding]")].

On March 6, 2017, the Supreme Court held in *Beckles* that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. at 894. Shortly thereafter, this Court received the notice of voluntary dismissal and motion to deny and dismiss [Docs. 58, 60].

## I.   NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a movant may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  Subsection (B) states the following:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal—or

---

against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*.  135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

> state—court action based on or including the same claim, a notice of dismissal
> operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B). By contrast, Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Because properly filed notices of voluntary dismissal are self-effectuating, the issue before this Court is whether Petitioner retains his unilateral rights under Rule 41(a)(1), or is limited to the procedures available under Rule 41(a)(2). The answer depends on whether any of the filings that the United States submitted prior to the notice constitute an "answer" or "motion for summary judgment" under Rule 41(a)(1)(A)(i).

Binding Sixth Circuit precedent prevents this Court from construing the United States' motion to deny and dismiss with prejudice as an answer or a motion for summary judgment for purposes of Rule 41(a)(1)(A)(i), *see, e.g.*, *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) ("[W]e decline to agree with the District Court's action and follow those cases which 'treat' motions to dismiss filed pursuant to Rule 12(b)(6) as summary judgment motions for purposes of barring voluntary dismissal."), and the United States did not submit any other motions or a response.

Because this Court finds that Petitioner filed his notice of voluntary dismissal [Doc. 60] before the United States field an answer or a motion for summary judgment within the meaning of Rule 41(a)(1)(A)(i), that "notice of dismissal is self-effectuating, leaving no basis upon which [this Court] can prevent . . . dismiss[al] without prejudice." *Aamot*, 1 F.3d at 445; *see also Ames v. Ethicon Endo-Surgery, Inc.*, No. 11-2942, 2012 WL 215234, at *1 (W.D. Tenn. Jan. 24, 2012) ("Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands: once [a] plaintiff

gives his notice, the lawsuit is no more." (quoting *Aamot*, 1 F.3d at 444)); *White v. Berkebile*, No. 5:09-cv-0796, 2009 WL 6700835, at *2–3 (S.D.W.V. Dec. 4, 2009) (dismissing § 2255 motion without prejudice where the petitioner filed a notice of voluntary dismissal before the United States filed a response in opposition or in support of the collateral relief requested).

## II.    MOTION TO DENY AND DISMISS WITH PREJUDICE

As discussed, a petitioner can voluntarily dismiss his or her § 2255 motion without an order of the district court by filing a notice of dismissal at any time before service of an answer or motion for summary judgment by the United States, whichever occurs first. *Ames*, 2012 WL 215234, at *1. The Sixth Circuit has held that this rule should be "taken at face value" and that district courts should assume that the rule "means what it says." *Aamot*, 1 F.3d at 444 (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1997)). Because Rule 41(a)(1)(A)(i) "does not sanction a case-by-case analysis of the amount of effort expended by the [United States]" and the instant action was "no more" after submission of the notice of voluntary dismissal, *Ames*, 2012 WL 215234, at *1, the United States' motion to deny and dismiss [Doc. 58] must be denied as moot.

## III.    CONCLUSION

For the foregoing reasons, the Clerk's Office will be **DIRECTED** to terminate Petitioner's supplemented § 2255 petition [Docs. 54, 57] and the civil action associated therewith [E.D. Tenn. Case No. 1:16-CV-424-TRM]. The dismissal will be without prejudice. The United States' motion to deny and dismiss [Doc. 58] will be **DENIED as moot**.

**ORDER ACCORDINGLY.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**